## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Demetrius Allen Sims, ) | |
| ) | Civil Action No. 8:15-cv-03437-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| John Vandermosten, Jail Administrator, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Demetrius Allen Sims ("Petitioner"), proceeding pro se and *in forma pauperis*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter is before the court for review of the Report and Recommendation ("Report"), filed on October 30, 2015, recommending Petitioner's action, (ECF No. 1), be dismissed without prejudice. (ECF No. 14 at 4.) The Report sets forth in detail the relevant facts and legal standard on this matter and the court incorporates the Magistrate Judge's recommendation herein without recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Petitioner was advised of his right to file specific written objections to the Report within fourteen (14) days of the date of service or by November 16, 2015 (ECF No. 14 at 6 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) Petitioner filed an untimely objection[1] on November 18, 2015. (ECF No. 20.)

In the absence of a timely objection to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and record in this case, the court finds the Report provides an accurate summary of the facts and law. This court **ADOPTS** the findings of the Report (ECF No. 14) and **DISMISSES** Petitioner's claim (ECF No. 1) without prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

---

[1] The court also notes that the objection did not reference any issues addressed in the Report.

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 6, 2016
Columbia, South Carolina